[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport, Docket No. CV 34,424;
 David Abbamonte, Esq., Special Public Defender, for Petitioner.
 Jonathan Benedict, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION: The petitioner, thirty-six (36) years of age at the time of sentencing, was convicted by a jury of violation of Conn. Gen. Stat. 21a-278 (b), Possession of CT Page 5394 Narcotics with Intent to Sell By Non-Drug Dependent Person.
That offense carries a mandatory minimum non-suspendable sentence of five (5) years and a maximum of twenty (20) years. The petitioner received a sentence of fifteen (15) years.
In asking for a reduction of that sentence, petitioner's counsel claims the petitioner was "clean" for approximately seven (7) years between his arrest in this case and last prior arrest, and the petitioner suggests this sentence is harsher than most for the same offense. At his sentencing hearing he stated that this was the second time he was convicted of a crime he did not commit.
In this case police officers conducting a narcotics surveillance observed the petitioner and another conducting what appeared to be drug sales. When they approached the petitioner he discarded some twenty-nine (29) vials of suspected cocaine. Most of the vials did, in fact, contain cocaine.
The petitioner, who has approximately twenty-four (24) prior convictions which include some eight (8) larceny convictions, escape, burglaries, robbery and a possession of narcotics, shows little, if any, prospect of abiding by the rules of a lawful society. He has used several aliases and social security numbers in the past.
The sentencing Court pointed out that he continues to refuse to accept responsibility for his crimes — a fact that does not bode well for the future.
Although not conceding that the petitioner, as he claims, received a harsher sentence than most, the Division points out that he has an unusually lengthy criminal record and that rehabilitation appears to be a forlorn hope. A lengthy period of incarceration is appropriate in this case, and we affirm the sentence.
Purtill, Klaczak and Barry, J.s participated in this decision.